## American Fruit Machinery Company *v.* Hanscom, Appellant.

*Contract—Sale—Machinery—Thirty days' trial.*

Where a machine is sold under an agreement that it shall be to the satisfaction of the purchasers, and two witnesses testify in an action for the purchase money that the purchasers had expressed satisfaction with the working of the machine, and the evidence is conflicting as to whether the written notice of dissatisfaction had been given to the plaintiff within the time limit, and whether there had been an extension of the time limit, the case is for the jury, and a verdict and judgment for plaintiff will be sustained.

Argued Dec. 20, 1910. Appeal, No. 44, Oct. T., 1910, by defendant, from judgment of C. P. No. 1, Phila. Co., Sept. T., 1907, No. 3,680, on verdict for plaintiff in case of American Fruit Machinery Co. v. Edward E. Hanscom, et al., trading as Hanscom Brothers. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Assumpsit for the price of potato paring machine. Before MAGILL, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $211.91.   Defendants appealed.

*Error assigned* was in refusing motion for judgment for defendant n. o. v.

*Edmund W. Kirby*, with him *Robert J. Byron*, for appellant.—The question is not one dealing with the receipt of a letter.   The question of notice is not involved as in the cases dealing with insurance: McSparran v. Ins. Co., 193 Pa. 184; Black v. Roebuck, 17 Pa. Superior Ct. 324; Farmers' Nat. Bank v. Marshall, 9 Pa. Superior Ct. 621.

The evidence of waiver being documentary, the question was one for the court and not the jury: Shaw v. Turnpike Co., 2 P. & W. 454; Portland Ice Co. v. Connor, 32 Pa. Superior Ct. 428.

*C. W. Van Artsdalen*, for appellee.

OPINION BY BEAVER, J., March 3, 1911:

The question of law raised by this appeal, which seems to us narrower than the question of fact submitted by the court below to the jury, rests upon a single alleged error—the failure of the court to enter judgment n. o. v. for the defendants.   This is not surprising, in view of the fact that at the trial the court refused all of the plaintiff's points and affirmed all of the defendants' except the one for binding instructions.

The suit was for the recovery of the contract price of a machine for paring potatoes, which, according to the agreement for its sale contained in letters written by the plaintiff to the defendants, provided for a return of the machine, in case it was not satisfactory, to the defendants.   The first letter, dated November 13, 1906, contains the following clause: "We are to deliver this machine to you on thirty days' trial, and are to send one of our men to superintend its erection in your kitchen, and he will remain until your employees thoroughly understand how to operate it

to your entire satisfaction; but, if you are not perfectly satisfied with the work it turns out, we are to remove the machine at once, and cancel the sale." In a subsequent letter, which recommends certain modifications to be made in the application of power in operating the machine, it is said that "After thirty days' trial, if the machine is not satisfactory to you, it is to be removed, without expense to you." The machine was installed on or about February 13, 1907, and was put in operation a few days thereafter.

The trial judge in the court below, in his comprehensive charge to the jury, fully recognized the right of the defendants to refuse to keep the machine, in case it was not satisfactory to them. The question whether or not it was satisfactory, in view of all the evidence in the case and, if not, whether or not the defendants had given notice within the time limit, or within the extension of time, if such an extension was made by the plaintiff, were the facts upon which the jury were to pass. There was positive testimony by two witnesses that the defendants, or one of them, had specifically expressed the satisfaction of the defendants with the working of the machine.

A part of the consideration of the machine was the writing of a letter of recommendation, specifying the manner in which the machine did its work and commendation thereof. This recommendation, which was stipulated as part of the consideration of the machine, was inclosed in a letter which qualified or denied that the machine was satisfactory to the defendants. The defendants relied also upon a letter said to have been written on February 28, in which they expressly stated their dissatisfaction with the machine, and their desire and request that the plaintiff would remove it. Whether or not the plaintiff received this letter was a question of fact. The defendants' stenographer testified to her recollection of having taken the letter and she was of opinion that, as was her general practice, she copied the letter, inclosed it in an envelope addressed to the plaintiff and deposited it in the letter box

near the defendants' place of business. When interrogated, however, she had no distinct recollection of that particular letter or of having mailed it, but relied entirely upon her usual habit in regard to letters in general. The plaintiff expressly denied the receipt of the letter, did not have it in its files and had no recollection of receiving it or of reading it, and, when expressly interrogated, said that it had never been received. If this letter was not received, then there was no other letter within the thirty days, giving notice of dissatisfaction. Was the period within which it was necessary to give notice extended by the plaintiff? This was claimed by the defendants but specifically denied by the plaintiff.

It will be seen, therefore, that distinct questions of fact were raised in the trial which it was necessary to submit to the jury. Was the verbal expression of satisfaction by the defendants, as testified to by the president of the plaintiff company and one of its employees, and denied by the defendants, satisfactorily established? Did the writing of the recommendation, as provided for in the agreement, express satisfaction, in view of the letter which accompanied it? Was written notice of dissatisfaction, as alleged by the defendants, given to the plaintiff within the time limit? This, although alleged by the defendants, was denied by the plaintiff. So as to the extension of time within which notice could be given of dissatisfaction, which was alleged on the one hand and denied on the other.

All these questions of fact it was necessary to submit to the jury, and their finding thereon, if the evidence was proper and sufficient for that finding, was binding upon the court, as it is upon us.

The charge of the court and the answers to points were entirely favorable to the defendants on all points, subject only to the finding of the jury as to the questions of fact to which we have merely alluded. The charge of the court and the answers to the points, show very clearly that the interests of the defendants were carefully guarded therein, and the fact that the submission was satisfactory

to them is shown by the absence of any assignment of error relating either to the charge or to the answers of the court below to the defendants' points.

The questions involved are so well settled, and the charge of the trial judge in the court below is so well within the authorities that it is unnecessary to cite the numerous authorities which support both the charge and the answers to points, and the refusal of judgment n. o. v.

Judgment affirmed.